#### FOR THE

## COUNTY OF BENNINGTON,

### FEBRUARY TERM, 1844.

---

PRESENT,

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. ISAAC F. REDFIELD,
Hon. MILO L. BENNETT, } Assistant Judges.
Hon. WILLIAM HEBARD,

---

## JOHN SHARP v. DANIEL CONKLING.

The remedy upon a deed containing covenants *inter partes* must depend upon its terms, considered with reference to the *interest* of the several individuals, who are parties to the deed.

If the indenture be made with more than one person of either part, and the *interest* of the covenantees be several, the terms of the covenant, although more naturally bearing the import of a joint undertaking, will be taken to be *several*, unless such construction be expressly excluded by the terms.

Though one covenant in the indenture be deemed joint, on account of the joint interest of the covenantees, another covenant in the same deed may be several, on account of the several interest; and on the latter covenant a several action may be maintained.

This was an action for breach of covenants contained in an in-

denture executed by the defendant of the one part, and the plaintiff and others of the other part. The defendant craved oyer of the indenture and demurred.

The indenture, after reciting that the plaintiff, J. Dewey, E. D. Waters, M. Waters, W. S. Southworth and E. Adams were the " owners of parcels of lands situated in Bennington East village, through which runs a stream of water " and that the defendant, owning certain tanning works away from said stream, proposed to purchase the right to take away said water from its present channel, and convey the same to his tanning works, and that the said plaintiff, Dewey, E. D. Waters, M. Waters, Southworth and Adams, had released and conveyed to the defendant the right to do so, contained covenants in these words. " And the said Daniel Conkling, for himself, &c., hereby covenants and agrees to and with the said John Sharp, Jedediah Dewey, Elijah D. Waters, Mary Waters, William S. Southworth, and Enos Adams, their heirs, &c., that he̅ will turn and direct said water away from its present channel, in manner aforesaid, on or before the first day of September next, and that he will, and his heirs and assigns shall, from that time forth, keep the said water turned from its present channel, and away from their land, except as herein before excepted ;—and further, that whereas the water, when diverted, is to pass through the land of John Sharp on the east side of said lot, the said Conkling will, and his heirs and assigns shall, so convey the same across said land, that it shall not injure it by leaching, or running on to the same," &c. The declaration alledged breaches of the covenant to divert said water by the first day of September, and to keep the same turned away from its former channel, and also of the covenant in respect of the conveyance of the water across the plaintiff's land.

The county court rendered judgment *pro forma* for the defendant, on the ground that the plaintiff could not sever in his action. Exceptions by the plaintiff.

*J. S. Robinson* and *Wm. S. Southworth* for plaintiff.

Whether one of several covenantees can sue separately upon a covenant, which, in its terms, is joint, depends upon whether the *interest* and cause of action are joint, or several ;—if several, then

Sharp v. Conkling.

each may sue separately, though the covenant, in terms be joint. *Eccleston* v. *Clipsham*, 1 Saund. R. 153, n. 1. *Wilkinson* v. *Lloyd*, 2 Mod. 82. 1 Ch. Pl. 10, 11. *James* v. *Emery*, 8 Taunt. 245, [4 E. C. L. 89.] *Servante* v *James*, 10 B. & C. 410, [21 E. C. L. 98.] *Withers* v. *Bircham*, 3 B. & C. 254, [10 E. C. L. 68.] 2 Stephen's N. P. 1131.

If the action follows the interest in all cases where the interest is joint, as it clearly does,—Willes, R. 254; 1 East 497, 501; 1 Ch. Pl. 9,—it is difficult to perceive why the converse of the proposition does not hold.

The second breach assigned is upon a covenant which clearly concerns the plaintiff,—whatever doubt there may be as to the first. The indenture recites that the water is to pass across the land of John Sharp, and the defendant covenants so to convey it across, that it shall not injure his land, &c. If this is a joint covenant, then any one of the covenantees may release it. This covenant will pass to the assignee of the land; but, if a joint covenant, how can he avail himself of it?

The argument, that this is a joint covenant, because it is a contract *inter partes*, is not sustained by authority, Ham. on Part. 19. 3 B. & C. 254.

Though one covenant in the indenture be deemed joint, on account of the joint interest, another covenant in the same indenture may be several, on account of the several interest. *James* v. *Emery*, 8 Taunt. 245.

*Lyman* and *Isham* for defendant.

The consideration moved from the covenantees jointly, and the covenant itself is joint, without any words showing that it was made with each separately. There must also have been - a - joint damage. The case, therefore, comes directly within the rule, that, where the legal and beneficial interest are joint, the action must be joint. Ham. on Part. 24. *Slingsbye's Case*, 5 Co. Rep. 19.

And though the plaintiff have a separate interest in respect of the subject matter of the second assigned breach, yet, the covenant being joint, the action must be joint. *Anderson* v, *Martindale*, 1 East. 497. *Rolls* v. *Yate*, Yelv. 177. *Montague* v. *Smith*, 13 Mass. 404. *Scott* v. *Godwin*, 1 B. & P. 70.

It is possible, that, where the beneficial interest is separate, separate actions may be maintained, if it clearly appear that the parties so intended; but the intention can never be found, unless distinctive words are used in the covenant,— as, "with each of them," or words of like import. Ham. on Part. 24. *Catlin* v. *Barnard*, 1 Aik. 12. *Southcote* v. *Hoare*, 3 Taunt. 87.

The opinion of the court was delivered by

REDFIELD, J. This action is covenant broken, founded upon a deed *inter partes*, and the only question seems to be, whether the plaintiff can sustain the action in his own name alone, or must join all the parties of the same part. The cases upon this subject are numerous, and not wholly reconcileable with each other. The general principles upon the subject may, however, we think, be clearly deduced from a comparison of all the cases.

There is one class of cases, which seems to have been considered in connection with this subject, which has properly nothing to do with it,—viz. the case of *covenantors*. I make no doubt that the law upon *that* subject is well enough settled. The rule is, I apprehend, the same in regard to *covenantors*,—as to whether they are jointly or severally liable, or in both forms,—that it is as to all contracts. It depends altogether upon the *form* of the contract. Doubtless in regard to the liability of covenantors, much, in many cases, may depend upon construction, and this *construction*, as to *covenantors*, may be affected by considerations *similar* to those which influence the construction of covenants in regard to the liability of *covenantees*.

As it regards the number of covenantees, who must be joined as plaintiffs, the earliest case which I have seen is *Slingsbye's Case*, 5 Coke's R. 19. The general rule there laid down is, that in a "*tripartite indenture*, all the covenantees must join in an action of covenant broken, notwithstanding the words of the instrument are joint as well as several, that is, *with all and each of the covenantees*." But in that case it is said, if the *interest* of the covenantees be *several*, and the words of the covenant joint and several, the action shall be several; but, even when the interest of the covenantees is several, if the demise or contract be joint only, the action must be joint. The rule laid down in *Eecleston et al.* v. *Clipsham*, 1 Saund.

153, is substantially the same.  But Serjeant Williams' note (1) to this last case introduces an important qualification, viz. that although the covenant be *joint only*, yet if the interest be *several only*, " the covenant shall be *taken to be* several, and each of the covenantees may bring an action for his particular damage, notwithstanding the words of the covenant are joint."  The cases referred to by Serjeant Williams do not all seem very fully to sustain the rule laid down by him.  *Windham's Case*, 5 Co. R. 8, which was decided two years later than Slinsgbye's case, certainly inclines very much to the view taken by Serjeant Williams.  Dyer I have not seen.  *Wilkinson* v. *Lloyd*, 2 Mod. 82, is a blindly reported case, from which nothing certain can be made.  *Tippet* v. *Hawkey*, 3 Mod. 263, is a case fully in point.  Buller's N. P., 157, recognizes the same rule, almost in the same words.  All the modern cases agree, that, where the interest is several, and the covenant joint and several, the action should be several.  *Owston* v. *Ogle*, 13 East 538.  Some of the modern cases say, that, if the covenant is joint, the action must be joint, notwithstanding the interest is several.  *Anderson* v. *Martindale*, 1 East 496.  *Rolls* v. *Yate*, Yelv. 177, is of the same tenor.  See also *Servante* v. *James*, 21 Eng. C. L. 98.

But the case of *James* v. *Emery*, 8 Taunt. 245, the note of Serj't Williams to 1 Saund. R. 153, and B. N. P. 157, (the two last being by this court esteemed books entitled to high consideration,) and *Withers* v. *Bircham*, 10 Eng. C. L. 68, and some other cases, perhaps, fully establish the rule, that, where the interest in the subject matter secured by the covenant is several, although the terms of the covenant will more naturally bear a joint interpretation, yet if they do not exclude the inference of being intended to be several, they "shall be *so taken*,"—they shall have a several construction put upon them.  This is just and sensible, and a rule by which this court are willing to abide.

This rule will enable the plaintiff to recover upon those covenants intended to secure him from damage in taking the water through his land.  For here the interest being manifestly several, and the contract capable of a several interpretation, we should so construe it as to effect the probable intention of the parties.

But in regard to other portions of the contract, the terms of the contract and the interest more naturally implying a joint obligation, we should leave the parties to such a remedy as they seem to have themselves provided.

The judgment below is reversed, and the court adjudge the declaration sufficient, and the cause is remanded for assessment of damages on the several covenants.

Note by Redfield, J. Stevens, in his *Nisi Prius*, a late work, and one, I judge, from a hasty examination, of more than common accuracy, lays down the rule on this subject in these words, vol. 2, p. 1132 : "If the words be joint, but the interest several, the action may be either joint or several, at the election of the covenantees,—joint in respect of the express contract, and several in respect of the interest." I have not been able to find that the cases justify this proposition to the full extent. It is doubtless true, that, in some cases, a joint action has been maintained, where the terms of the contract and the interest of the parties were much the same as in others, where a several action has been brought and maintained. But this has not been done upon the avowed ground, I apprehend, that the parties had an election as to how many plaintiffs should be joined, as there undoubtedly is in regard to defendants in covenants joint and several, where *one* may be sued, or *all*. But the different conclusion, to which the courts have come in cases apparently much the same, has arisen from the different construction they have put upon the terms of the contract,—in one case fixing exclusively upon the terms of the covenant, which were more obviously *joint*, and in the other interpreting them according to the *interest*, so as to make them speak what was the probable intent of the parties. But these cases are not intended to conflict with each other, or, as I apprehend, to establish the rule that the action may be brought in the name of one or all the covenantees, at their election. So this case is not intended to overrule the case of *Catlin* v. *Barnard*, 1 Aik. 12, although, perhaps, in some respects, the rule of construction here adopted is different from the one mainly relied upon in that case.