ISIDOR BUSH, Appellant, v. H. A. HAEUSSLER, Respondent.

St. Louis Court of Appeals, May 17, 1887.

26a 265
31a 53
33a 424
26 265
60 252
26 265
61 523

1. CONTRACTS — PLEADINGS — LEGAL AND EQUITABLE ACTIONS. — A petition charging the defendant, in whose hands assets had been placed to indemnify him as surety on an appeal bond, had disposed of the same contrary to the agreement, to the plaintiff's damage, states an action at law, and not in equity.

2. —— JOINT AND SEVERAL—PARTIES—PRACTICE.—In such a case, where the assets were thus held to indemnify the plaintiff and another, but the plaintiff alone paid the principal's obligation, his co-security is not a necessary party plaintiff in an action at law.

APPEAL from the St. Louis Circuit Court, AMOS M. THAYER, Judge.

*Reversed and remanded.*

LEE SALE, for the plaintiff, appellant: Demurrer will not lie for the improper commingling in one count of matters that might be properly united in a petition by different counts, but only for the substantial error of uniting, whether in one or different counts, matters that can not be united at all. *Otis v. Bank*, 35 Mo. 128; *Mulholland v. Rapp*, 50 Mo. 42; Bliss on Code Plead., sect. 412; *Bass v. Comstock*, 38 N. Y. 21. Where a person, answerable to two jointly upon a contract, settles with one of them, so that that one has no longer any interest in the matter in dispute, it is a severance of the cause of action, and the debtor is liable to the other in an action brought by him alone. Hawes on Parties to Actions, sect. 94, p. 270; *Baker v. Jewell*, 6 Mass. 461; *Richmond v. Parker*, 12 Met. 48; *Railroad v. Railroad*, 119 Mass. 498; *McConnell v. Braynor*, 63 Mo. 461; *Pettingill v. Jones*, 21 Mo. App. 210. Under

a code like ours, which prescribes one form of action, a petition stating facts which entitle the plaintiff to any form of relief, is not demurrable, on the ground that it does not state facts sufficient to constitute a cause of action. *McPherson v. Weston,* 64 Cal. 275 ; *Austin v. Seligman,* 18 Fed. Rep. 519 ; *Miltenberger v. Morrison,* 39 Mo. 71 ; *Bennett v. Preston,* 17 Ind. 291 ; *Stuyvesant v. Mayor,* 11 Paige, 415.

JAMES O. BROADHEAD and CECIL V. SCOTT, for the defendant, appellant : One of two joint obligees in a joint contract can not sue upon the contract alone, nor release such obligation. Parsons on Cont. (7 Ed.) 13 ; Bliss on Plead., sect. 63 ; *Clark v. Cable,* 21 Mo. 223 ; *Rainey v. Smizer,* 28 Mo. 310 ; *Dewey v. Casey,* 60 Mo. 224 ; *Thieman v. Goodnight,* 17 Mo. App. 429 ; *Henry v. Mt. Pleasant Township,* 70 Mo. 500. It is a ground of demurrer that several causes of action have been improperly united in the petition, whether the same be done in one or more counts. Rev. Stat., Mo. 1879, sects. 35, 15 ; *Baker v. Raley,* 18 Mo. App. 567 ; *Bank v. Dillon,* 75 Mo. 380, and cases cited

THOMPSON, J., delivered the opinion of the court.

This is an appeal from a judgment rendered for the defendant upon demurrer to the following petition :

"The plaintiff, by leave of court, files this his amended petition, and states : That, heretofore, on the twentieth day of January, 1881, in a cause then pending in the circuit court of the city of St. Louis, wherein Bank of Commerce was the plaintiff, and Gustavus Hoeber was the defendant, being cause No. 52,389 of the said court, a judgment was rendered in favor of the said Bank of Commerce, the plaintiff, against the said Hoeber, for the sum of $4,750.94, and costs, the said judgment bearing interest at the rate of ten per cent. per annum from the time of its rendition, and the said judgment was duly entered in the records of that said court ; that, at the request of the defendant and said

Hoeber, this plaintiff, Isidor Bush, and Margaret B. Augustine, consented to become sureties of said Hoeber on an appeal bond executed for the purpose of perfecting an appeal by said Hoeber, from the said judgment of the circuit court to the St. Louis court of appeals, and that said Bush and Augustine did agree that, in case the said judgment of the circuit court should, upon such appeal, be affirmed by said St. Louis court of appeals, said Bush and Augustine would execute an appeal bond for the purpose of perfecting an appeal, by said Hoeber, from such judgment of the St. Louis court of appeals to the supreme court of the state of Missouri ; that, for the purpose of partly securing the said Bush and the said Augustine against loss or damage by reason of the execution of said appeal bonds, and each of them, said Hoeber and wife did execute and deliver to the defendant, Haeussler, a deed, whereby said Hoeber and wife did convey to said Haeussler, among other property, the following described real estate, lying and being in the city of St. Louis and state of Missouri, to-wit : Lots four and five, of block three, of Dillon's addition to the city of St. Louis, now city block 478, south, being fifty feet on the west side of St. Ange avenue, by one hundred and twenty-seven feet six inches to an alley, upon which is a deed of trust to secure the payment of five thousand dollars ; that, in consideration of the premises, said Haeussler, the defendant herein, did then, and there execute an instrument in writing (herewith filed), and did thereby agree and covenant, that, if said Gustavus Hoeber should fail to hold the plaintiff and the aforesaid Mrs. Augustine harmless from any and all liability as his sureties on either of the above mentioned bonds, the defendant would sell all the interest conveyed to him by Gustavus Hoeber and wife, in and to the said property, and would apply the proceeds of such sale to the payment of the judgment in the above mentioned cause, in such manner as the plaintiff and said Augustine might order and direct.

"The plaintiff states that said instrument has never been recorded.

"The plaintiff further states that, thereupon, the said Gustavus Hoeber did perfect an appeal from the judgment of the circuit court of the city of St. Louis, in said cause of *Bank of Commerce v. Hoeber*, to the St. Louis court of appeals, and that, in pursuance of, and in conformity with, the aforesaid agreement, this plaintiff and said Mrs. Augustine did execute, as sureties of the aforementioned Hoeber, an appeal bond in the manner required by law; that, thereafter, the said judgment of the said circuit court was, in all respects, affirmed by said court of appeals; that, thereafter, the said Hoeber did prosecute an appeal from the said judgment of the St. Louis court of appeals to the supreme court of the state of Missouri, and, for the purpose of perfecting said appeal, the said Bush and the said Mrs. Augustine, in conformity with, and in pursuance of, the aforesaid agreement, did execute, as sureties of said Hoeber, an appeal bond in the manner required by law, and for the amount required by law, and that, thereupon, the appeal from the said court of appeals to the supreme court of the state of Missouri was duly perfected; that, thereafter, in said supreme court, the judgment in said cause of the said court of appeals was affirmed.

"And the plaintiff states that, thereafter, by virtue of his liability and obligation as surety of said Hoeber on the aforesaid bonds, he was compelled to pay, and that he did, on the eighth day of April, 1886, pay to the plaintiff in said cause, the Bank of Commerce aforesaid, the sum of seven thousand, two hundred and twenty-eight dollars, being the full amount of said judgment, with interest thereon to said date, and the sum of —— dollars, being the costs accrued in said cause.

"And the plaintiff states that neither the said Gustavus Hoeber, nor either of his other sureties on the aforesaid appeal bonds, has refunded to the plaintiff any part of the said money so paid out by the plaintiff as

surety, as aforesaid ; that neither the said Hoeber, nor any of the said sureties on said appeal bonds, or either of them, has paid to the said Bank of Commerce any part of said judgment, and that the same has been paid wholly, and exclusively, by the plaintiff ; that the plaintiff has requested the said Hoeber, and his said co-sureties on the said appeal bonds, and each of them, to refund to this plaintiff their just and legal parts of the said money so paid out by the plaintiff on account of said premises, and that said Hoeber and the said co-sureties of the plaintiff, although frequently thereto requested, have refused and failed to pay to the plaintiff such sum as is due from them to the plaintiff, or any part thereof.

" The plaintiff states that, after the execution of the written agreement herein mentioned, the said Mrs. Augustine, his co-surety on the aforesaid appeal bonds, did, by agreement with the defendant, release the defendant from any, and all, liability to her on the written agreement hereinbefore mentioned, executed by the defendant, and that the said Mrs. Augustine has no longer any interest in the said agreement.

" The plaintiff further states that he has fully performed all the conditions of the agreement herein set forth, on his part; that he has informed the defendant that Gustavus Hoeber and his sureties on said appeal bonds have wholly failed and refused to indemnify the plaintiff for the money so expended by him as surety, as aforesaid, and that he has requested the defendant to sell the property hereinbefore mentioned, and to apply the proceeds thereof in payment of said judgment, in conformity with the aforesaid agreement, but that the defendant has ever refused, and still does refuse, to do so.

" And the plaintiff states that, heretofore, on the eleventh day of July, 1882, the defendant, Haeussler, without the knowledge or consent of the plaintiff, did execute, and deliver, to one Christian Morschel, a deed

in fee-simple, whereby, in consideration of the sum of seven thousand, five hundred dollars, then and there paid to said Haeussler by said Morschel, the said Haeussler did convey to the said Morschel the estate aforesaid, conveyed by said Hoeber to said Haeussler, and held in trust by him for the plaintiff, as aforesaid, in the said lots four and five, in block 478, of the city of St. Louis ; that the sum realized from the sale of the said premises, over and above the amount secured by the aforementioned deed of trust, and all necessary expenses, taxes, etc., was two thousand dollars ; that the said defendant, Haeussler, without the knowledge or consent of this plaintiff, did, afterwards, to-wit: on the ———— day of July, 1882, wrongfully pay over, and deliver, the said sum so realized to the said Gustavus Hoeber ; that, by reason of the said wrongful acts of the defendant, all the right, title, and equity of the plaintiff in and to the said real estate have been wholly lost, to the damage of the plaintiff in the sum of two thousand dollars, for which sum he asks judgment, with interest and costs.''

To this petition the defendant demurred, assigning the following grounds :

"1.   That there is a defect of parties plaintiff, in that Margaret B. Augustine is a proper and necessary party plaintiff.

"2.   That there is a defect of parties defendant, in that Gustavus Hoeber is a proper and necessary party defendant.

"3.   That there is a defect of parties defendant, in that, in case Mrs. Augustine refused to become a party plaintiff, she should, upon proper averment of that fact, have been made a party defendant, as in that event she is a proper and necessary party in order to a complete determination of the matters set forth in said petition.

"4.   That several causes of action have been improperly united in a single count in said petition, in

that the plaintiff first charges that the defendant refuses to execute the alleged trust, and sell the property in question, and secondly, charges that the defendant is guilty of a breach of said alleged trust, in that he has, a long time since, sold the real estate in question, and received and improperly paid out the proceeds thereof.

"5. That, in case said petition contains but one cause of action, to-wit, the alleged breach—then said amended petition substantially and fatally changes the cause of action from that stated in the original petition.

"6. That the petition does not state facts sufficient to constitute a cause of action against the defendant."

The court sustained this demurrer, and, the plaintiff declining to plead further, rendered final judgment for the defendant, from which this appeal is taken.

I. We do not see anything substantial in the fourth ground of the demurrer. The action is plainly an action at law for damages for the breach of a contract, and the allegation in the petition, that the plaintiff notified the defendant that Hoeber and his sureties in the appeal bonds had failed to indemnify the plaintiff for the money expended by him as alleged, and that the plaintiff had requested the defendant to sell the property and apply the proceeds of it in payment of the judgment, in conformity with the agreement which is the foundation of the action, is mere matter of inducement to the statement of the breach of the contract which follows. There is nothing repugnant in the allegations that the defendant refuses to execute the contract, and that he has broken the contract, or done something which disables him from performing it according to its terms.

II. We shall not argue the fifth ground of demurrer, that the petition states no cause of action, because, unless all the other objections, which will be hereafter considered, are well taken, it is perfectly clear that the petition is not different, in substance, from an ordinary petition claiming damages for the breach of a contract.

III. Before proceeding to the substantial question

in the case, we must also dispose of the ground of the demurrer, that Hoeber is a necessary party defendant, with the observation that it does not appear that Hoeber was a joint obligor with the defendant, in the contract sued on, and, therefore, that Hoeber does not appear to be a necessary party to the action for damages for a breach of such contract. Whether, if this were a suit in equity, to compel the defendant to execute the trust assumed under the instrument sued on, or to compel him to account, as trustee, for moneys received by him in his trust relation, Hoeber would be a necessary party defendant, need not be considered.

IV. This brings us to the only doubtful question which arises upon the record, which is, whether the plaintiff can prosecute this action, without Mrs. Augustine being joined with him as co-plaintiff, or, if not so joined as co-plaintiff, being made a party defendant. We are of opinion that he can. We do not doubt that it is the law in this state that, where an obligation is made to several persons jointly, all the obligees must join in an action to enforce it. *Clark v. Cable*, 21 Mo. 223 ; *Rainey v. Smizer*, 28 Mo. 310 ; *Henry v. Mount Pleasant Township*, 70 Mo. 500 ; *Ryan v. Riddle*, 78 Mo. 521. Nor do we doubt that a release of the obligation by one of several joint obligees, will operate as a release as to all. *Henry v. Mount Pleasant Township*, 70 Mo. 500. But we hold, on the authority of *Cross v. Williams* ( 72 Mo. 577 ), that the obligation recited in this petition, as the foundation of the action, is not an obligation to the plaintiff and Mrs. Augustine, jointly, but is an obligation to each of them, severally. In that case it was held that, where one of the sureties in an official bond covenanted to indemnify his co-sureties against liability on the bond, and one of the latter was compelled to pay a part of a defalcation of the principal, the obligation was a several one in respect of each surety indemnified, and that the particular surety might, consequently, sue upon it alone. The court pro-

ceeded upon the doctrine laid down in *Sharpe v. Conkling* (16 Vt. 355), "that the rule is perfectly established, that, where the interest in the subject matter secured by a covenant is several, although the terms will naturally bear a joint interpretation, yet, if they do not exclude the inference of being intended to be several, they shall be so taken; they shall have a several construction put upon them." The court also proceeded upon the following expression of doctrine by the late Professor Parsons, in his work on Contracts: "The nature, and especially the entireness, of the consideration is of great importance in determining whether the promise be joint or several; for if it moves from many persons jointly, the promise of re-payment is joint, but if from many persons, but from each severally, then it is several." 1 Pars. Cont. 18.

Applying these principles, Norton, J., said: "If the consideration for the promise of indemnification made by the defendant was that the securities should go on Hamilton's bond as collector, though it moved from many persons, yet it moved from each oné severally, and each security incurred a several as well as joint liability. The promise, though made to all, to indemnify them against loss by reason of such suretyship, unquestionably created a liability to indemnify any one upon whom the loss might fall." So, in the obligation recited in the petition before us, although it was in form a promise to indemnify the plaintiff and Mrs. Augustine, yet the consideration moved from each one severally; each one had incurred a several liability; and, therefore, the promise to indemnify them against loss by reason of their suretyship, unquestionably created a liability to indemnify either one upon whom the loss might fall. The liability being, then, to each of them severally, it was not in the power of Mrs. Augustine to release the defendant's liability to the plaintiff, even if, in executing the release recited in the petition, she had intended to do so, which is not alleged.

VOL. xxvi—18

Being of opinion that none of the grounds of demurrer are well taken, we reverse the judgment and remand the cause. Judge Rombauer concurs. Judge Lewis is absent.