ISIDOR BUSH, Respondent, v. HERMAN A. HAEUSSLER, Appellant.

St. Louis Court of Appeals, May 8, 1888.

1. ACTION AT LAW—COMPENSATORY DAMAGES.—Where the defendant gave a written acknowledgment that the title of certain real estate was held by him in trust to indemnify the plaintiff against liability as surety for a third person on an appeal bond, with an undertaking to devote the property or its proceeds to such indemnification, a suit by the plaintiff on account of the defendant's sale of the property and diversion of the proceeds, in consequence whereof the plaintiff was compelled to satisfy the appeal bond without indemnity, is an action at law, and the plaintiff's recovery can be of compensatory damages only.

2. EVIDENCE—MATTER NOT IN ISSUE.—Evidence tending to show that the defendant did not derive any benefit from his sale of the property in derogation of his indemnifying undertaking, was properly excluded as irrelevant, the ground of action being the plaintiff's loss, and not the defendant's gain.

3. EVIDENCE—VALUE OF PROPERTY.—Evidence offered by the defendant to show the value of the property held by him for the plaintiff's indemnification at the time when the plaintiff's right of action accrued, was erroneously excluded.

4. MEASURE OF DAMAGES—INSTRUCTION.—An instruction that the measure of the plaintiff's damages was the net proceeds, after proper deductions, of the defendant's sale of the property held by him for the plaintiff's indemnification, with interest, was erroneous. The true measure of damages was the market value of the property at the time when the plaintiff became entitled to have it sold for his benefit. The defendant was not chargeable with interest from the date of his sale, since there was no undertaking for rents or issues of the property.

5.   Consent to Sale — Knowledge of Facts — Instruction. — An instruction to the effect that the plaintiff was not bound by any consent given by him to the sale made by the defendant, if such consent was obtained by an incorrect statement of the facts of such sale, or was given without a full knowledge by the plaintiff of all the material facts affecting his interests therein, was erroneously given. The defendant could not be held responsible for any incorrect statements not made by himself, or for the plaintiff's ignorance arising from other causes.

Appeal from the St. Louis Circuit Court, Hon. Leroy B. Valliant, Judge.

*Reversed and remanded.*

Cecil V. Scott, for the appellant: This action is plainly an action at law for damages for the breach of a contract, and not a suit in equity to compel the defendant to execute a trust, or to compel him to account, as trustee, for moneys received by him in a trust relation. *Bush v. Haeussler*, 26 Mo. App. 265, 276. The breach of defendant's agreement arose when he was requested by plaintiff to sell the property, and for any reason neglected or refused so to do. The measure of damages on the breach of a contract are the damages which are naturally and actually sustained from the breach itself. *Hughes v. Hood*, 50 Mo. 350. Plaintiff's second instruction is clearly erroneous. It is error to submit issues which do not arise under the pleadings or which are not supported by proof. *Kennedy v. Klein*, 19 Mo. App. 17; *Kennedy v. Railroad*, 70 Mo. 243, 254; *Stone v. Richmond*, 21 Mo. App. 17; *Melvin v. Railroad*, 89 Mo. 106; *Rothschild v. Frensdorf*, 21 Mo. App. 318; *Bank v. Overall*, 16 Mo. App. 510; s. c., 90 Mo. 410; *Skyles v. Bollman*, 85 Mo. 35; *White v. Chaney*, 20 Mo. App. 389. The meaning of the phrase "material facts," if used in an instruction, should be explained to the jury, and its application defined. What are material facts in a case is a question of law. *Digby v. Ins. Co.*, 3 Mo. App. 603. This instruction is also objectionable,

in that it is too general and misleading, and further it incorrectly states the ·law applicable to the facts. Plaintiff's third instruction states the measure of damages erroneously.

GEO. W. TAUSSIG and M. N. & LEE SALE, for the respondent : The measure of damages as declared in plaintiff's instruction number three was unquestionably correct. Plaintiff was entitled to recover, if at all, the sum realized from the sale of the property, together with legal interest thereon. *Bush v. Haeussler*, 26 Mo. App. 271. "Where money has been wrongfully acquired or detained, interest is to be computed from the time of the wrongful acquisition or detention." 2 Sedgwick on Dam. 176. "If the defendant has derived an advantage from the money [had and received], or committed some wrong in obtaining or disposing of it, or is in default in not paying it over, he will be charged with interest." 1 Sutherland on Dam. 621 ; *Rapelie v. Emory*, 1 Dal. 374 ; 1 Sutherland on Dam. 623 ; 2 Sedgwick on Dam. 176 ; *Crane v. Thayer*, 18 Vt. 162 ; *Commonwealth v. Crevor*, 3 Binn. (Pa.) 121 ; *Bobb v. Bobb*, 89 Mo. 411 ; 1 Perry on Trusts, 593, 594. "In awarding compensation to the *cestui que trust* for a breach of trust by the trustee, the court does not regard it as material that the trustee has made no profit or advantage out of the estate." 2 Perry on Trusts, sec. 847 ; *Dornford v. Dornford*, 12 Ves. 129 ; *Rapall v. Boehm*, 13 Ves. 407 ; Lewin on Trusts [8 Ed.] 907. The duty of a trustee to keep his beneficiary informed of the facts affecting his interests is well established. *Heath v. Waters*, 40 Mich. 457. And where it is claimed that a *cestui que trust* has acquiesced in an act which constitutes a breach of trust, it must appear that he did so, with full knowledge of the facts and circumstances, and the trustee must be free from all suspicion of misrepresentation or concealment. *Munch v. Cockerell*, 5 Myl. & Cr. 178 ; *Montfort v. Cadogan*, 17 Ves. 489 ; *Adair v. Brimmer*, 74 N. Y.

539. Again, we contend that the declaration of trust vested in plaintiff the beneficial interest in the property. *Ex parte Pye*, 18 Ves. 149 ; *Gee v. Lindell*, 35 Beav. 621. And that the release of this interest cannot be established by parol. Rev. Stat., 1879, sec. 2511 ; Perry on Trusts, sec. 79, p. 65 ; *Smith v. Burnham*, 3 Sumn. 435. At all events, it is well settled that an oral agreement by a beneficiary to release his interest must be established beyond a reasonable doubt. *Stevenson v. Adams*, 50 Mo. 475.

Rombauer, P. J., delivered the opinion of the court.

The Bank of Commerce, January 20, 1881, recovered a judgment against Gustavus Hoeber for $4,720.94. The defendant, who was Hoeber's attorney at that time, held the legal title to the real estate hereinafter mentioned as grantee of Hoeber, incumbered by a mortgage of five thousand dollars, and certain other trusts, which other trusts, prior to the sale hereinafter mentioned, became satisfied. Hoeber, desiring to appeal from the judgment thus rendered against him, requested the plaintiff and one Mrs. Augustine to sign his appeal bond as sureties, promising to indemnify them against loss. The plaintiff thereupon signed the appeal bond, and Hoeber through defendant delivered to him as indemnity a nonforfeitable life policy for ten thousand dollars, on his, Hoeber's, life. According to defendant's claim this was to be the sole indemnity agreed upon ; according to plaintiff's claim he was to have further indemnity. This fact, however, is immaterial, as it is conceded that the real estate hereinafter mentioned was also to be reserved as a fund for the indemnity of Hoeber's sureties with Hoeber's consent, the only substantial controversy being whether it was to be reserved as a fund for the indemnity of both sureties on the bond, or as a fund for the indemnity of Mrs. Augustine alone.

These being the surrounding circumstances the

defendant, March 4, 1881, executed and delivered to plaintiff the following declaration of trust :

"I, Herman A. Haeussler, do hereby certify that I hold the title to the following described real estate, to-wit :

"Lots four and five, block three, of Dillon's addition to city of St. Louis, now city block four hundred and seventy-eight, south, being fifty feet on the west side of St. Ange avenue, by one hundred and twenty-seven feet, six inches to alley, and upon which is deed of trust for five thousand dollars, said lots being in city of St. Louis.

"Lot nineteen in subdivision of public school lands, situated in section twenty-two, township forty-five, range six, containing seven and fifty-three hundredths acres, in St. Louis county, Mo.

"The interest in this property conveyed to me by Gustavus Hoeber and wife, I hold in trust to indemnify Isidor Bush and Mrs. Margaret Augustine, who have become securities for said Hoeber on an appeal bond given in case No. 52,289, circuit court, city of St. Louis, wherein Bank of Commerce is plaintiff and Gustavus Hoeber is defendant, in order to perfect appeal to St. Louis Court of Appeals, and who, in event of affirmance in said court, have agreed to sign bond to perfect appeal to Supreme Court.

"Now, if said Hoeber shall hold said Bush and Augustine harmless from any and all liability as his security on either said bond given, or to be given, then I am to re-convey to said Hoeber, otherwise to sell said property and apply proceeds to payment of said judgment in such manner as said Bush and Augustine may order and direct.

"In witness whereof I have hereunto set my hand and seal this fourth day of March, A. D. 1881.

"HERMAN A. HAEUSSLER.  [Seal]"

On the eleventh of July, 1882, while Hoeber's appeal was pending, the defendant conveyed at Hoeber's

request and with the consent of Mrs. Augustine, but according to the jury's finding without the consent of the plaintiff, the two lots in block three of Dillon's addition, realizing on said sale a net surplus of fifteen hundred dollars. This amount was paid by the purchaser to Hoeber, and has since been wholly lost by speculations of Hoeber, who is admittedly insolvent.

The judgment against Hoeber hereinabove mentioned was, after the lapse of years, affirmed by the Supreme Court, and the plaintiff, on April 8, 1886, was compelled to pay, and did pay, the Bank of Commerce the sum of $7,324.35, principal, interest, and costs of said judgment, and thereafter instituted the present action against the defendant.

The plaintiff's petition, after setting out the facts herein stated and averring among other things that the sale of the lots in Dillon's addition were made by the defendant and a surplus of two thousand dollars, received by him from the proceeds of the sale, concludes thus :

"That the said defendant Haeussler, without the knowledge or consent of this plaintiff, did afterwards, to-wit, on the —— day of July, 1882, wrongfully pay over and deliver the said sum so realized to the said Gustavus Hoeber ; that, by reason of the said wrongful act of the defendant, all the right, title, and equity of the plaintiff in and to the said real estate have been wholly lost, to the damage of the plaintiff in the sum of two thousand dollars, for which sum he asks judgment, with interest and costs."

The defendant by answer took issue on the allegations of the petition, but the jury, under the instructions of the court, found the issues for the plaintiff and rendered the following verdict :

"We the jury find for the plaintiff, and assess his damages at $1,983.75, and costs, being the principal of fifteen hundred dollars, with interest at six per cent., from July 15, 1882, to date."

The defendant appealing presents numerous exceptions to the rulings of the court. We shall only notice those which we consider well taken, as a discussion of other exceptions would render this opinion unnecessarily lengthy without subserving any useful purpose in the retrial of the cause.

When the case was last before us on a demurrer to plaintiff's petition, which the court had erroneously sustained, we stated in the opinion reversing the judgment of the trial court, among other things: "The action is plainly an action at law for damages for the breach of a contract, and the allegation in the petition, that the plaintiff notified the defendant that Hoeber and his sureties in the appeal bond had failed to indemnify the plaintiff for the money expended by him as alleged, and that the plaintiff had requested the defendant to sell the property and apply the proceeds of it in payment of the judgment ·in conformity with the agreement which is the foundation of the action, is mere matter of inducement to the statement of the breach of the contract which follows. There is nothing repugnant in the allegations that the defendant refuses to execute the contract, and that he has broken the contract, or done something which disables him from performing it according to its terms." 26 Mo. App. 271.

This was then and is now unquestionably correct. The action is one at law and was tried and determined as such. If so, it necessarily follows that plaintiff's damages are purely compensatory in their character, and the case admits of only two inquiries: (1) Was defendant guilty of a breach of the contract? (2) What are the proximate damages resulting to plaintiff from such breach? Rules which govern the accountability of trustees to their beneficiaries in courts of conscience, and which subject the trustee frequently to punitive and highly penal damages for a violation of trust duties can have no application to such a case, and the cases cited by plaintiff on that subject are on a question outside of this record.

Keeping this distinction in view, we proceed to the examination of the rulings of the court in that connection. The defendant offered to show that he never received any benefit from the sale, and neither received nor used the surplus resulting therefrom. The court rightfully excluded this evidence, because the wrong of which plaintiff complains is the unauthorized sale of the property, and not the use of its proceeds by the defendant. On a question of compensation to plaintiff for such wrong, it was immaterial whether the defendant used such proceeds or not. But the defendant further offered to show the value of the property in 1886, when the plaintiff's right to have the same sold for his indemnity first accrued, and the court excluded that evidence likewise, which was clearly error.

On the question of the measure of damages, the court instructed the jury as follows:

"3. The court instructs the jury that if the jury find in favor of plaintiff, then the jury should assess as damages such sum as the jury find, from the evidence, was derived from the sale of the realty to Morschel (after deducting the debt secured by the deed of trust, and interest thereon, taxes and commissions, testified to as having been paid), together with interest at the rate of six per cent. per annum from July 15, 1882."

This was in conformity with its rulings on the evidence as above stated, and was likewise error.

The plaintiff is entitled to recover not what the defendant or Hoeber made, but what he lost by the sale if unauthorized. *Prima facie*, as against the defendant, the amount for which the property sold in 1882, was its reasonable market value, but there is no presumption as to the continuance of such value up to 1886, and even if there were, the defendant was clearly entitled to rebut such presumption by positive evidence. The plaintiff's right to have the property sold for his indemnity first accrued in 1886. If the property had appreciated in value in the meantime, he was entitled to the benefit of such appreciation; if it depreciated in

value, the loss was his. The defendant was under no obligation to sell the property before a failure on the part of Hoeber to repay the plaintiff whatever plaintiff may have lost by reason of his suretyship. Such failure, in this case, did not occur till 1886. On what principle plaintiff's damages can be greater, because the defendant has violated his contract, than the benefit he would have derived if the defendant had faithfully kept his contract in all things, it is difficult to conceive, keeping in view the fact that the action is one for compensatory damages only.

This view derives additional force from the uncontroverted fact that the rents and issues of this property were never pledged. At the date of the declaration of trust Hoeber occupied the property as his homestead. There is no intimation in the evidence that he was to be accountable for rents, or that it was contemplated by any one that he was to cease to occupy the property before the termination of the litigation. The interest from 1882 to 1886, with which the defendant stands charged in this proceeding can at most be upheld only by viewing it as a substitute for the rents and issues of the property, a substitute for another thing with which the defendant was not chargeable in any event.

For error in excluding the testimony offered by the defendant as to the value of the property in 1886, and in the instruction touching plaintiff's measure of damages, the judgment must be reversed.

We may state in addition that defendant's exception to the second instruction given on behalf of plaintiff is also well taken. That instruction is as follows:

"2. The court instructs the jury, that even if the jury believe from the evidence that plaintiff Bush did, in July, 1882, give his consent to the sale of the property described in the deed of Haeussler to Morschel, and to the payment of the surplus to Hoeber, yet, if the jury believe from the evidence, that such consent was obtained from plaintiff by an incorrect statement of the

facts of such sale, or that such consent was given without a full knowledge by plaintiff of all the material facts affecting the interests of plaintiff in such sale, then such consent is not binding upon the plaintiff, and is no bar to his recovery.''

There is nothing in plaintiff's petition or evidence to support this instruction. The plaintiff contends throughout that he was not informed of the sale until long after its consummation. If the instruction was offered on the theory of meeting defendant's evidence, to the effect that he did inform plaintiff of the sale prior to its consummation, then it is objectionable because there is no evidence that the defendant made to plaintiff an incorrect statement of the fact of the sale. Nor can that part of the instruction be defended which renders the defendant liable if he obtained plaintiff's consent without a full knowledge on plaintiff's part of all the material facts affecting the interests of plaintiff in such sale. The defendant is liable for a suppression or misstatement of facts, if any, but cannot be held responsible for plaintiff's ignorance of the facts resulting from other causes.

We may also add that plaintiff's measure of damages, should he show himself entitled to a recovery upon a re-trial of the cause, is the value of the property in 1886, when his cause of action against the defendant first accrued, less the sum of five thousand dollars. This results in our opinion from the following consideration. The defendant's declaration of trust recites an incumbrance on the property of five thousand dollars, and no more. As he was under no obligation to discharge that or any part thereof, he is entitled to the presumption that such incumbrance would have continued. On the other hand as the defendant by his own act has rendered it impossible to determine whether such incumbrance would have increased by the accumulation of interest, or taxes, if he had retained the title to the property till 1886, no presumption can be indulged in

his favor that the incumbrance would have thus increased, and any testimony to that effect would have to be rejected as based on mere conjecture.

All the judges concurring, the judgment is reversed and the cause remanded.