FRANK E. RICHEY, Respondent, v. DAVID BRANSON, Appellant.

St. Louis Court of Appeals, January 22, 1889.

1. **Continuance**: PROPERLY DENIED. When an affidavit in support of an application for a continuance sets forth the facts expected to be proved by the absent witness, and the adverse party thereupon admits that the witness, if present, would so testify, there is no error in denying the application.

2. **Evidence**: TESTIMONY OF ABSENT WITNESS. When an unsuccessful applicant for a continuance is permitted to read in the course of the trial the affidavit setting forth the supposed testimony of his absent witness, statements of fact therein made upon information and belief of the affiant have no evidentiary value, and cannot be considered in determining the sufficiency of the evidence to take the case to the jury.

3. **Action**: CONTRACT: JOINT OR SEVERAL. Where, in a contract, two of the three contracting parties agree to perform certain services for the third, and each of the two is to receive therefor a separate and distinct compensation, it is not necessary that both of them join in a suit for such compensation; but either may maintain a separate action for the amount due to him.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*J. L. Dobyns* and *George H. Shields*, for the appellant.

The court should not have forced defendant to trial during his absence. A continuance is largely within the discretion of the court, but in a case like this, where the defendant's absence was occasioned by an order of the court itself, shortening the time to take the deposition,

and was in good faith preparing to take them, it was an abuse of sound discretion on the part of the court to force him to trial. *State v. Wood*, 68 Mo. 444. The contract between the parties was a joint one, and defendant's instruction for a non-suit should have been given. The contract was not a several one on which Richey and Bowman could bring separate suits. The subject of the agreement was the contract with the New York company—this belonged to a corporation, not to individuals. Branson could not get it save by the joint action of Richey and Bowman. No part of the consideration to Branson could come from either Bowman or Richey, but must come from both—their joint action as officers of the corporation. *Clarke v. Cable*, 21 Mo. 223; *Denney v. Covey*, 60 Mo. 224; *Robbins v. Ayres*, 10 Mo. 538; *Wells v. Gatey*, 9 Mo. 565. The court erred in taking the case away from the jury and instructing them to find for the full amount sued for. The only ground on which the court could have done this must have been that the answer sets up no defense. Where the defendant offers any testimony in support of his answer he has a right to the opinion of a jury upon the issue, unless the answer fails to make out a defense. *Owens v. Rector*, 44 Mo. 389; *Benton v. Klein*, 42 Mo. 97. In order to justify taking a case from the jury there must be no evidence tending to prove the case of defense; the fact that the evidence is weak or unsatisfactory is a question for the jury and not for the court. *Rantsang v. Railroad*, 45 Mo. 236; *McFarland v. Bellows*, 49 Mo. 311; *Bowen v. Lazalere*, 44 Mo. 383-88; *Claflin v. Rosenburg*, 42 Mo. 439; *Meyer v. Railroad*, 40 Mo. 151; *Holliday v. Jones*, 59 Mo. 482.

*C. P. & J. D. Johnson*, for the respondent.

In the first point of his brief appellant contends that the court abused its discretion by overruling his application for a continuance, and cites in support of his

position, *State v. Wood*, 68 Mo. 442.    That is a criminal
case, and is not in point, inasmuch as the facts upon
which the trial court acted were not similar to the facts
here, and the statutory provision applicable to continu-
ances in criminal cases is different from the provisions
applicable to continuances in civil cases.    R. S., secs.
1841, 3591-3595.    When defendant prepared his affi-
davit for a continuance it is to be presumed that he set
forth therein, as fully and completely as the absent wit-
nesses would have stated if present, the facts he expected
to prove by them, and, when plaintiff, for the sake of
avoiding a continuance, after the trial court had ruled
that the affidavit was sufficient, admitted that the wit-
nesses, if present, would testify to the facts stated, the
defendant was in as favorable a position for the presen-
tation of the testimony of said witnesses as he would
have been if they or their depositions had been in court.
Defendant contends that the contract in suit was a joint
one so far as plaintiff and Bowman were concerned, and,
being joint, that the plaintiff could not maintain a
separate action thereon.    There is no evidence whatever
to sustain this claim.    On the contrary, it clearly
appears that the defendant contracted separately with
plaintiff for the performance of a service distinct from
any service which was to be performed by Bowman.
*Cross v. Williams*, 72 Mo. 580 ; Parsons on Contracts,
18 ; Bliss on Code Pleadings, sec. 63.    The trial court
did not err in taking the case from the jury for the
reason that the answer did not state a defense of fraudu-
lent representations with reference to the one thousand
dollars "bonus," and there was no evidence introduced
tending in any way whatever to sustain the allegations
of the answer on this point, even though they may have
been properly pleaded and constituted a defense if
proved.    The statute provides that affidavits for con-
tinuances shall state what particular facts the affiant
"believes the witness will prove," and if the application

Richey v. Branson.

is sustained, that the cause shall be continued unless the opposite party admits that the witness, if present, would swear to the facts set out in the affidavit, but that the party moving for a continuance shall be permitted to read, as the evidence of such witness, the facts so stated in the affidavit. R. S., secs. 3595-6. Hence it is only that portion of the affidavit that states what it is believed the witnesses named therein would, if present, testify to, that is competent or relevant in evidence. Now, an inspection of the affidavit in question here, as it was offered in evidence and read to the jury, will show that the most essential portion of it—that is, that portion to the effect that plaintiff and Bowman agreed to pay to the parent company a bonus of one thousand dollars— is not a statement of a fact which the absent witnesses were expected to prove, but, on the contrary, is a statement of the belief on the part of one of defendant's attorneys who made the affidavit of the existence of such a fact; so that there is nothing in the affidavit tending to establish that any agreement had been made by plaintiff and Bowman to pay to the parent company the sum in question. The affidavit is thus left without any statement whatever tending to establish the allegation of fraudulent representation. The fact that the affidavit was admitted in evidence over plaintiff's objection does not alter the case ; the admission of incompetent or irrelevant testimony will not make it competent or relevant. Besides, the court had the right, after the affidavit was admitted, if it was incompetent, or improperly admitted, to tell the jury to disregard it in making up their verdict, and that is what it, in effect, did in the instruction which directed them to find for plaintiff.

THOMPSON, J., delivered the opinion of the court.

This is an action brought to recover the sum of five hundred dollars, claimed to be due from the defendant

to the plaintiff under a contract. The answer, after a denial of the allegations of the petition, except as thereafter admitted, set up a more extended version of the contract sued on than that stated in the petition, and further charged certain fraudulent representations in the procuring of it; and in a separate paragraph claimed damages in the sum of thirty-five hundred dollars by way of counter-claim. The new matter in the answer was put in issue by a reply. So much of the answer as set up a counter-claim was withdrawn during the trial. When the cause was called for trial, the defendant was not ready and he accordingly made an affidavit for a continuance, which the court adjudged sufficient unless the plaintiff would admit that the absent witnesses would swear to what the affidavit stated the defendant expected to prove by them. According to the record, "plaintiff then admitted that the witnesses named in said affidavit would, if present, testify that the facts set forth therein were true, and insisted on going to trial, to which the defendant objected, which objection was overruled, to which action of the court defendant then and there at the time duly excepted, and went to trial under protest." After the plaintiff had closed his case, the defendant read those parts of the affidavit to the jury which contained the statements of what the absent witnesses would, if present, testify to; and, having no other evidence, rested. The only portion of this affidavit for a continuance which undertakes to state what the absent witnesses would testify to is as follows : "This affiant further states that he is informed that the names of the witnesses residing in the city of New York are J. Ensign Fuller, A. L. Soulard, Charles E. Simmons, John H. Bryant, and others ; and he expects to prove by said witnesses that they are officers of the Consolidated Refrigerating Company of New York, and that the plaintiff and one Samuel Bowman obtained from said company the contract between the Consolidated Refrigerating Company and said plaintiff and said

Bowman ; that said contract was afterwards assigned to the Automatic Refrigerating Construction Company, and by it assigned to this defendant herein, and that plaintiff and said Bowman represented said contract was free of all liabilities ; when in truth and in fact *affiant is informed and believes* they agreed to pay said company the sum of one thousand dollars as a bonus for obtaining said contract, that they did not pay the same, and that the same was due at the time that this defendant bought said contract from said plaintiff. Further that," etc. The rest of the affidavit, which is somewhat long, connects all the subsequent allegations with the clause above underscored, namely, "affiant is informed and believes." So far as the affidavit sets up any fraudulent representations of the plaintiff in procuring the contract sued on, it sets them up under the clause "affiant is informed and believes," either as quoted in the above connection or as subsequently repeated. At the end of the affidavit there is this clause : "And affiant believes that, if this case is continued until the next term of this court, he will be able to procure the testimony of said witnesses, *and prove by them the facts herein stated."*

I. The first error assigned is, that the court abused its discretion in forcing the defendant to trial during his absence and that of his witnesses. But plainly the record does not afford evidence of a state of facts upon which we can support this assignment. The action was brought on the seventeenth of September, and the trial took place on the third of the following January. There had been three months and a half in which the defendant might have prepared for trial. The statute recites : "If the affidavit does not contain a sufficient statement of facts, as herein required, the court shall overrule the same ; but if, upon the contrary, the court shall find the affidavit sufficient, the cause shall be continued, unless the opposite party will admit that the witness, if present, would swear to the facts set out in

the affidavit, in which event the cause shall not be continued, but the party moving therefor shall read as the evidence of such witness the facts stated in such affidavit, and the opposite party may disprove the facts disclosed, or prove any contradictory statements made by such absent witness in relation to the matter in issue or on trial.'' R. S., sec. 3596. It is plain that the court, in ruling that upon the plaintiff's admitting that the witnesses would, if present, swear to the facts stated in the affidavit, he was entitled to have the trial proceed,—did no more than comply with the express terms of the statute. The case bears little analogy to the case of *State v. Wood*, 68 Mo. 444, to which we have been cited, which was a case of felony, and in which the court held that a person accused of crime is under no obligation to prepare for trial until an indictment is found against him.

II.   The next assignment of error is, that the court should have granted an instruction for a non-suit, on the ground that the evidence showed that the obligation sought to be enforced in the action was an obligation in favor of the plaintiff and Samuel Bowman jointly, wherefore neither could sue on it alone. The principle that, where an obligation is made to two or more persons jointly, all the obligees must join in an action to enforce it, is well settled in the jurisprudence of this state. *Bush v. Haeussler*, 26 Mo. App. 265, 272, and cases cited. But this is clearly not a case within the principle. The obligation in this case was that, for certain services to be rendered, the defendant was to pay certain compensation to the plaintiff and certain *other* compensation to Bowman. The obligation of the defendant to the plaintiff and Bowman was therefore a several obligation to each, to be enforced by each in a separate action. It is quite immaterial that, in the rendition of the services for which they were to receive this several compensation, their joint action may have

been necessary. That happens every day. Two lawyers are employed, under separate contracts and upon a separate basis of compensation, to defend a suit. Their joint action may be required in the performance of the services, but the obligation of the client to pay them the agreed compensation is several to each of them.

III. The third assignment of error is, that the court committed error in directing a verdict for the plaintiff, thus ignoring the evidentiary effect of the portions of the affidavit which were read in evidence. The court allowed the affidavit to be read in evidence so far as it contained any direct statement of facts; and also a part of it beginning with the words "and affiant is informed and believes." The portion of the affidavit allowed to be read was as follows: "This affiant further says that he is informed that the names of the witnesses residing in the city of New York are J. Ensign Fuller, A. L. Soulard, Chas. E. Simmons, John H. Bryant, and others; and expects to prove by said witnesses that they are officers of the Consolidated Refrigerating Company of New York, and that the plaintiff and one Samuel Bowman obtained from said company the contract between the said Consolidated Refrigerating Company and said plaintiff and said Bowman; that said contract was afterwards assigned to the Automatic Refrigerating Construction Company, and by it assigned to this defendant herein, and said plaintiff and said Bowman represented said contract was free of all liabilities, when in truth and in fact affiant is informed and believes they agreed to pay to said company the sum of one thousand dollars, as a bonus for obtaining said contract; that he did not pay the same, and that the same was due at the time that this defendant bought said contract from said plaintiff. Further, that the said defendant was compelled to pay the said company, in order to obtain the consent of said company to the assignment of said contract to him, the said

sum of one thousand dollars." It is to be observed that it is not directly stated as a fact in this affidavit that the plaintiff and Bowman agreed to pay the Consolidated Refrigerating Company one thousand dollars for obtaining the contract with the Automatic Refrigerating Company, nor is it anywhere stated that any of the witnesses named, if present, would swear to that fact. It is said that affiant is informed and believes that such is the fact; but the information and belief of the affiant is not and cannot be made evidence in the case under the statute. The portion of the affidavit which was read in evidence, therefore, had no evidentiary value as tending to support the special defense set up in the answer. As the answer admitted the making of the contract sued on, whereby the defendant agreed to pay five hundred dollars to the plaintiff for certain services, and the performance of these services on his part, and as there was no evidence to support the special defense attempted, the court was therefore right in directing a verdict for the plaintiff for the amount sued for.

The judgment is affirmed. All the judges concur.