D. D. BURK, Respondent, v. JOHN M. WHITE *et al.*, Appellants.

St. Louis Court of Appeals, March 26, 1895.

1. **Trust Funds, Diversion of.**   When a note and mortgage are executed to indemnify two sureties of the mortgagor and are delivered for that purpose to one of these sureties, the transfer of the same by the latter for purposes foreign to those intended, and to a person who is cognizant of the diversion, will not be binding on the other surety.

2. ———: ACTION BY ONE OF SEVERAL BENEFICIARIES.   If, in such case, the debt on which the mortgagees are sureties is paid entirely by the surety who is not bound by the transfer, he may, on the refusal of his cosurety to join with him, sue alone for the foreclosure of the mortgage, and make his cosurety and the transferee parties defendant.

*Appeal from the Newton Circuit Court.*—HON. J. C. LAMSON, Judge.

REVERSED AND REMANDED (*with directions*).

*Cloud & Davies* and *Jos. Cravens & Son* for appellants.

*H. C. Pepper* and *Brunk & Ruark* for respondent.

BOND, J.—Plaintiff seeks to forclose a mortgage of real estate, executed to him and defendant Grimes by defendant White and wife to secure a note made by said White and payable to plaintiff and Grimes. The evidence shows that the note to the mortgagees was given to indemnify them for becoming sureties on a note executed by said White to one Davis; that the note to said Davis was paid by the plaintiff before the institution of this suit; that the note which had been given to indemnify plaintiff and said Grimes as the sureties of the mortgagor, White, had been left in the possession of Grimes, and by him had been transferred to defendant Cowan, who was the vendee of the mortgaged premises; that, at the time of this purchase by said Cowan, he knew of the existence of the mortgage on said land, and was cognizant that said Grimes had paid no part of the note of defendant White to Davis on which Grimes and plaintiff were sureties, and that said Grimes was insolvent; and that said Cowan, with knowledge of these facts, acquired the note payable to plaintiff and Grimes, secured by the mortgage sought to be foreclosed, by crediting an indebtedness which he held against said Grimes. The court rendered a personal judgment against all the defendants for $651.80, with interest thereon at ten per cent. per annum, and ordered special execution against the mortgaged property, from which defendant Cowan appeals to this court.

The judgment is clearly excessive. It is also erroneous in having been rendered against defendant Cowan personally. Plaintiff was only entitled to recover, as against the mortgaged property acquired by defendant Cowan, the amount which plaintiff had paid as surety for defendant White on the note to Davis. Nor is there anything in this record warranting

a personal judgment against defendant Cowan. It is insisted, however, by appellants that the note for which the mortgage was executed, having been payable jointly to plaintiff and defendant Grimes, became extinguished upon the release thereof by the latter to defendant Cowan. This rule can not be invoked when the party to whom the release is made is cognizant of a want of interest in the joint obligation of the party giving the release. In the case at bar it was shown that defendant Cowan knew that the note held by Grimes was given by White to indemnify plaintiff and said Grimes as sureties on a note made by White to one Davis; that Grimes was insolvent, and that he never paid any portion of said note as surety; that he and plaintiff were severally bound as such sureties. It is obvious, therefore, that said Grimes had no interest whatever in the note in controversy at the time he transferred it to defendant Cowan, and that his attempted release thereof did not conclude the plaintiff, who is shown to have paid the entire debt, for which the present note was given as an indemnity. Under these facts plaintiff was entitled to sue by making said Grimes a defendant upon his refusal to join as coplaintiff. *Bush v. Haeussler*, 26 Mo. App. 265; *Cross v. Williams*, 72 Mo. 577.

In accordance with these views the judgment will be reversed as to all the defendants, and the cause remanded with directions to enter judgment in favor of plaintiff against defendant White for $471.35, the sum shown to have been paid by plaintiff as the surety of defendant White on the note to Davis. The circuit court will also decree a special execution for said sum against the mortgaged property acquired by defendant Cowan, and dismiss the suit as to the other defendants.

All concur.